UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

ORAIB TOUKHLY                                          :
                                                       :
                              Plaintiff,               :
              -against-                                :          **COMPLAINT**
                                                       :
COMPLETE NEUROPSYCHOLOGY, P.C., and                    :
SARA MALAGOLD                                          :          **JURY TRIAL DEMANDED**
                                                       :
                              Defendants.              :
---------------------------------------------------------- X

Plaintiff Oraib Toukhly ("Plaintiff"), by and through her attorneys, William K. Li Law, PLLC, for her Complaint against Defendants Complete Neuropsychology, P.C. ("Defendant Company") and Sara Malagold ("Defendant Malagold") (collectively "Defendants") alleges as follows:

**INTRODUCTION**

1.     This action is brought against Defendants to redress the deprivation of rights secured to Plaintiff by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, New York City Administrative Code § 8-101 *et seq.*, New York Labor Law ("NYLL") §§ 193, 740 and 741, and common law breach of contract.

2.     Plaintiff alleges that Defendants discriminated against her on the basis of her affiliation with a daughter with disabilities.

3.     Plaintiff alleges that Defendants retaliated against her by asking for a reasonable

accommodation to care for her daughter.

4.      Plaintiff alleges that she was retaliated against for complaining about unlawful conducts, such as patient care and billing violations.

5.      Plaintiff alleges that Defendants discriminated against her based on her marital status.

6.      Plaintiff further alleges a breach of contract due to Defendants' failure to pay her the agreed upon salary.

7.      Plaintiff finally alleges an unlawful withholding of her wages.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. §§ 1343 and 1331, because the claims arise under the laws of the United States and are brought to recover damages for deprivation of equal rights. This Court has supplemental subject matter jurisdiction over Plaintiff's State and City law claims under 28 U.S.C. § 1367(a), because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Declaratory and injunctive relief is sought under 28 U.S.C. § 2001 et seq.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and/or can be found in Kings County, New York, and because the causes of action arose and the acts and omissions complained of occurred in Kings County, New York.

## CONDITIONS PRECEDENT

11.     On or about June 8, 2022 Plaintiff filed a charge of disability discrimination and

retaliation with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant Company. This EEOC filing was made less than 300 days after one or more occurrences of Defendant Company's discriminatory and retaliatory conduct against Plaintiff.

12.     On or about July 20, 2022, the EEOC issued a Notice of Right to Sue without conducting any investigation or making any determination into Plaintiff's EEOC charge.

13.     Plaintiff files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## THE PARTIES

14.     Plaintiff is a psychologist who worked for Defendants from on or about October 27, 2021 to on or about April 6, 2022.

15.     Plaintiff worked almost exclusively in Brooklyn, New York while employed by Defendants.

16.     Plaintiff also lived in Brooklyn, New York while employed by Defendants.

17.     Defendant Company is a Neuropsychology mental health provider.

18.     Defendant Company is a professional corporation incorporated in the State of New York.

19.     Defendant Malagold is a psychologist and the sole owner of Defendant Company.

20.     Upon information, Defendant Malagold is also the sole owner of another psychology mental health practice called Psychology 21, P.C.

21.     Defendant Malagold has personal liability in this matter under both New York State Human Rights Law, New York City Human Rights Law and NYLL.

22.     Defendant Malagold at all relevant times to this Complaint had authority to hire, fire, promote, make salary and payroll decisions, assign work, create work schedule for Defendant

Company's employees, including Plaintiff.

23.     Defendant Malagold also discriminated against Plaintiff on the basis of Plaintiff's association with a daughter with disability.

24.     Defendant furthermore retaliated against Plaintiff for complaining and refusing to engage in what she reasonably believed to be unlawful billing and patient treatment practices.

25.     It was Defendant Malagold who decided to unlawfully withhold some of Plaintiff's wages.

## FACTS

26.     Plaintiff was initially hired for the position of Psychologist at Defendant Company by Defendant Malagold on or about November 3, 2021.

27.     Plaintiff found her position through a recruiting company by the name of Greenlife Healthcare Staffing.

28.     Upon information, the fee to be paid by Defendant Company to the recruiting company is tied to Plaintiff's salary.

29.     Defendant Malagold verbally informed Plaintiff that her salary was to be $85,000 per year to be paid on a biweekly basis (or $3,269.23 every two (2) weeks).

30.     In order to pay the recruiting company less fees, Defendants informed the recruiting company that they were paying Plaintiff $80,000 per year and issued Plaintiff an offer letter on November 2, 2021 stating that her salary was $80,000 as well.

31.      Defendants however breached their agreement with Plaintiff by never paying Plaintiff $3,269.23 every two (2) weeks as promised. Instead, Defendants paid Plaintiff at most $3,200 every two weeks and never $3,269.23 every two (2) weeks.

32.     Plaintiff was promoted to the position of Clinical Coordinator by Defendant

Malagold on or about December 2021 due to her good work performance in the short time she was employed.

33.     Throughout Plaintiff's employment, she primarily worked out of three (3) client sites in Brooklyn, New York.

34.     These client sites were 1) The Waterford on the Bay Senior Living at 2900 Bragg St, Brooklyn, NY 1123; 2) Signature Senior Living at 631 Foster Ave, Brooklyn, NY 11230; and 3) Belvedere Senior Living at 5110 19th Ave, Brooklyn, NY 11204.

35.     Plaintiff worked on average one (1) or two (2) days per month outside of Brooklyn, New York.

36.     Defendant Malagold would also from time to time assign Plaintiff to perform work for her other medical practice, Psychology 21, P.C.

37.     Shortly after Plaintiff was promoted to the position of Clinical Coordinator, Plaintiff noticed that Defendant Company had a practice of billing for works that were never performed or over billing for works that were performed.

38.     Upon information, improper billings were sent to Medicaid and Medicare daily.

39.     Plaintiff raised these improper billing issues with Defendant Malagold starting on December 29, 2021 but was ignored.

40.     Instead, Plaintiff's complaint about improper billing to Defendant Malagold was relayed to employees in the billing department, who in turn started harassing Plaintiff and started acting very hostile towards her.

41.     Defendant Malagold failed to take any action when Plaintiff informed Defendant Malagold of the billing department's conduct.

42.     It is clear that Defendant Malagold, was a minimum, always aware of these

improper billing practices, if not outright directing her employees to engage in such conduct.

43.     Despite the negative reaction that Plaintiff received for her complaint about the improper billing practices, she nevertheless continued to complain to Defendant Malagold other conduct that she, at a minimum, reasonably believe to have violated a law, statute, rule or regulation at Defendant Company.

44.     On or about February 11, 2022 Plaintiff informed Defendant Malagold in person that it was improper for Plaintiff and other psychologists to use their unsecured personal cellphones to access and upload patient information and documentations as it would violate HIPPA.

45.     Plaintiff subsequently informed Defendant Malagold on or about March 10, 2022 via text message that she would refuse to upload client information without access to secured devices. However, Defendant Malagold retaliatorily reprimanded Plaintiff for refusing to perform her job.

46.     On or about February 18, 2022, Defendant Malagold instructed secretary Susan Averna to allow Technician Jonathan Garcia ("Mr. Garcia") to see patients, even though he was not a licensed mental health profession, and requested Plaintiff to signed on off on Mr. Garcia's paperwork so Defendant Company can bill for this service as if Plaintiff saw these patients. However, Plaintiff refused to sign off on said paperwork as it was unlawful to allow a Technician to see patients and because Plaintiff never actually saw these patients.

47.     On or about March 30, 2022 Plaintiff informed Defendant Malagold by Zoom of her refusal to change patients' diagnostics at the request of secretary Alexandra Duffy so Defendant Company can charge a higher amount to Medicaid. In return, Defendant Malagold accused Plaintiff of being arrogant and challenging Defendant Malagold's authority.

48.     On or about January 24, 2022, Plaintiff informed Defendant Malagold during a

Zoom meeting that Plaintiff's daughter has disabilities in the form of Crohn's Disease and major depression disorder and requested for some reasonable accommodation in the work schedule in order for Plaintiff to care for her daughter.

49.     Shockingly, Defendant Malagold responded by saying to Plaintiff "**I would not have hired you if I had known that.**"

50.     During this same conversation, Defendant Malagold also expressed her displeasure of learning that Plaintiff is the only caretaker for her daughter as a result of being a single mother.

51.     On or about January 1, 2022, Plaintiff was tested positive for Covid-19.

52.     However, Defendant Malagold refused to allow Plaintiff to take paid time off in accordance with, *inter alia*, New York City Safe and Sick Leave Law and New York State's Paid Covid-19 leave law despite Plaintiff providing Defendants with a notice to quarantine and isolation from New York City Department of Health and Mental Hygiene.

53.     Instead, Defendants withheld Plaintiff's wages from 1/3/2022 to 1/7/2-22 for the time that Plaintiff was out of work on Covid-19 leave.

54.     Plaintiff noticed that Defendant Malagold's hostility towards her and pretextual criticism about her work increased starting in January 2022.

55.     Defendant terminated Plaintiff's employment on April 6, 2022.

56.     Defendants have to date failed to pay Plaintiff her final paycheck in the amount of $900 for work performed from April 4 to April 6, 2022.

## COUNT I
### (Discrimination in Violation of ADA)

57.     Plaintiff realleges each and every allegation above as though set forth in full herein.

58.     At all relevant time period, Plaintiff was an employee of Defendant Company.

59.     Plaintiff's daughter is someone with a disability under the law which requires extra

care from Plaintiff.

60.     Plaintiff's daughter's disability is known to Defendant Company and Defendant Malagold.

61.     Defendant Company, as a result of Defendant Malagold's action, discriminated against Plaintiff's association with a family member with a known disability by stating that "I would **I would not have hired you if I had known that."**

62.     Defendant Company also violated the ADA as a result of refusing to provide Plaintiff with any reasonable accommodation to care for Plaintiff's daughter nor did Defendant Company engaged in the "interactive process" with Plaintiff.

63.     Defendant Company furthermore discriminated against Plaintiff by creating a hostile work environment against Plaintiff after Defendant Malagold learned about Plaintiff's association with a daughter with disability.

64.     Defendant Company as a result subsequently terminated Plaintiff's employment.

65.     By the actions described above, Defendants unlawfully discriminated against Plaintiff on the basis of her association with someone with disabilities.

66.     Plaintiff is as a result entitled to all relief under the ADA.

<u>**COUNT II**</u>
**(Disability Discrimination in Violation of NYSHRL)**

67.     Plaintiff realleges each and every allegation above as though set forth in full herein.

68.     At all relevant time period, Plaintiff was an employee of Defendant Company.

69.     Defendants are Plaintiff's employer within the meaning of NYSHRL.

70.     By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her association with a daughter with disability in violation of the NYSHRL by, *inter alia*, refusing to provide Plaintiff with a reasonable accommodation to care for her

daughter with disabilities, for harassing and creating a hostile work environment against Plaintiff and for terminating Plaintiff's employment.

71.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, lost wages and emotional distress for which she is entitled to all relief pursuant to NYSHRL.

72.     Defendant Malagold is personally liable under the NYSHRL as a result of her being the primary discriminator against Plaintiff, and sole owner and decision maker for Defendant Company.

73.     As a result, Plaintiff is entitled to all relief under the NYSHRL.

### COUNT III
### (Disability Discrimination in Violation of NYCHRL)

74.     Plaintiff realleges each and every allegation in paragraphs above as though set forth in full herein.

75.     Plaintiff has a daughter with disabilities under the meaning of the NYCHRL.

76.     Defendants are Plaintiff's employer within the meaning of NYCHRL.

77.     At all relevant time period, Plaintiff was an employee of Defendant Company.

78.     Defendants are Plaintiff's employer within the meaning of NYCHRL.

79.     By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her association with a daughter with disability in violation of the NYCHRL by, *inter alia*, refusing to provide Plaintiff with a reasonable accommodation to care for her daughter with disabilities, for harassing and creating a hostile work environment against Plaintiff and for terminating Plaintiff's employment.

80.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, lost wages and emotional

distress for which she is entitled to all relief pursuant to NYCHRL.

81.     Defendant Malagold is personally liable under the NYCHRL as a result of her being the primary discriminator against Plaintiff, and sole owner and decision maker for Defendant Company.

82.     As a result, Plaintiff is entitled to all relief under the NYCHRL.

### COUNT IV
### (Marital Status Discrimination in Violation of NYSHRL)

83.     Plaintiff realleges each and every allegation above as though set forth in full herein.

84.     At all relevant time period, Plaintiff was an employee of Defendant Company.

85.     Defendants are Plaintiff's employer within the meaning of NYSHRL.

86.     By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her marital status, for harassing and creating a hostile work environment against Plaintiff and for terminating Plaintiff's employment.

87.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, lost wages and emotional distress for which she is entitled to all relief pursuant to NYSHRL.

88.     Defendant Malagold is personally liable under the NYSHRL as a result of her being the primary discriminator against Plaintiff, and sole owner and decision maker for Defendant Company.

89.     As a result, Plaintiff is entitled to all relief under the NYSHRL.

### COUNT V
### (Marital Status Discrimination in Violation of NYCHRL)

90.     Plaintiff realleges each and every allegation above as though set forth in full herein.

91.     At all relevant time period, Plaintiff was an employee of Defendant Company.

92.    Defendants are Plaintiff's employer within the meaning of NYCHRL.

93.    By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her marital status, for harassing and creating a hostile work environment against Plaintiff and for terminating Plaintiff's employment.

94.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, lost wages and emotional distress for which she is entitled to all relief pursuant to NYCHRL.

95.    Defendant Malagold is personally liable under the NYCHRL as a result of her being the primary discriminator against Plaintiff, and sole owner and decision maker for Defendant Company.

96.    As a result, Plaintiff is entitled to all relief under the NYCHRL.

## COUNT VI
### (Retaliation in Violation of NYLL §740)

97.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

98.    At all times relevant to this Complaint, Company was Plaintiff's employer.

99.    As set forth in this Complaint, Plaintiff engaged in protected activities when she disclosed to Defendant Malagold of policies and practices of Defendant Company that Plaintiff reasonably believes is in violation of law, rule or regulation as a result of complaining about, *inter alia*, Defendant Company's improper billing practices and violation of HIPAA regulations.

100.    Plaintiff was retaliated against when she was criticized with pretextual reasons by Defendant Malagold and was ultimately terminated for engaging in the above-referenced protected activities.

101.    Such action by Defendants were deliberate and willful and in reckless disregard for

Plaintiffs' rights and legal obligations.

102.    Defendants have furthermore failed to post the requisite notice at the workplace informing Plaintiffs of their rights under NYLL § 740.

103.    Plaintiffs is, thus, entitled to all relief under NYLL § 740.

## COUNT VII
### (Retaliation in Violation of NYLL §741)

104.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

105.    At all times relevant to this Complaint, Company was Plaintiff's employer within a meaning of NYLL § 741 as it was a mental health medical provider.

106.    At all times relevant to this Complaint, Plaintiff was a "person who performs healthcare services for and under the control and direction of any public or private employer which provides healthcare services for wages or other remuneration."

107.    As set forth in this Complaint, Plaintiff engaged in a protected activity when she disclosed to Defendant Malagold of "improper quality of patient care" when patients were seen by a technician who was not a licensed psychologist, which presented a "significant threat to the health of a specific patient."

108.    Plaintiff was retaliated against when she was criticized with pretextual reasons by Defendant Malagold and was ultimately terminated for engaging in the above-referenced protected activity.

109.    Such action by Defendants were deliberate and willful and in reckless disregard for Plaintiffs' rights and legal obligations.

110.    Defendants have furthermore failed to post the requisite notice at the workplace informing Plaintiffs of their rights under NYLL § 741.

111.    Plaintiffs is, thus, entitled to all relief under NYLL § 741.

## COUNT VIII
### (Wage Theft in Violation of NYLL §193)

112.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

113.    Defendants have agreed to pay Plaintiff an annual salary of $85,000 to be paid on a bi-weekly basis (or $3,269.23 every two (2) weeks).

114.    However, Defendants have failed to pay Plaintiff the agreed upon bi-weekly rate for the entirety of her employment.

115.    Furthermore, Defendants have failed to pay Plaintiff any wages at all for when Plaintiff was out of work due to testing positive for Covid-19 from January 3, 2022 to January 7, 2022 in contrary to the requirements of, *inter alia*, New York City Safe and Sick Leave Law and New York State's Paid Covid-19 leave law.

116.    Defendants have furthermore failed to pay Plaintiff's pay from April 4, 2022 to April 6, 2022.

117.    Defendants' violation was willful and intentional.

118.    Defendants have therefore violated NYLL § 193, as amended, for wage theft for their willful nonpayment of the agreed upon wages to Plaintiff which she is entitled to.

119.    Defendant Malagold is personally liable under Article 6 of the NYLL as she had direct control and discretion to not pay Plaintiff's wages.

120.    Defendants are therefore liable to Plaintiff for all reliefs under NYLL § 193, as amended.

## COUNT IX
### (Common Law Breach of Contract – Failure to Pay Wages (*Pled in the Alternative*))

121.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

122.    Plaintiff pleads this claim in the alternative, in the unlikely event that she is unable to sustain the above Count VII Cause of Action.

123.    As a part of Plaintiff's employment with Defendants, Defendants have agreed to pay Plaintiff $85,000 on a bi-weekly basis (or $3,269.23 every two (2) weeks).

124.    Plaintiff satisfied the terms of the agreement by performing the required work for Defendants.

125.    However, as stated in this Complaint, Defendants have failed to pay Plaintiff the agreed upon $3,269.23 every two (2) through the course of her employment.

126.    Defendants have furthermore failed to pay Plaintiff any wages from April 4, 2022 to April 6, 2022.

127.    As such, Defendants have breached its agreement with Plaintiff.

## COUNT X
### (Quantum Meruit (*Pled in the Alternative*))

128.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

129.    Plaintiff pleads this claim in the alternative, in the unlikely event that she is unable to sustain the above Causes of Action.

130.    Plaintiff has performed numerous and valuable services at the request and for the benefit of Defendants. The reasonable value of those services for which Plaintiff has not been paid is far in excess of the compensation provided to Plaintiff by Defendants.

131.    As a result, Defendants are liable to Plaintiff in an amount not yet determined but equal to the reasonable value of her services.

## COUNT XI
### (Unjust Enrichment (*Pled in the Alternative*))

132.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

133.    Plaintiff pleads this claim in the alternative, in the unlikely event that She is unable to sustain the above Causes of Action.

134.    Plaintiff has performed a significant amount of work for Defendants for which She has not been paid.

135.    Defendants' expectations that Plaintiff continue working despite being paid less than the compensation to which She was entitled to establishes Defendants' consent to pay Plaintiff for the value of the work She performed.

136.    Defendants failed to pay Plaintiff for the value of the work and/or services she performed.

137.    As a result of this failure to pay, Defendants were unjustly enriched for the work and services performed by Plaintiff. Defendants are therefore liable to Plaintiff in an amount not yet determined but equal to the reasonable value of his services.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

A.    declaring that Defendants' actions and practices violated the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law, and New York Labor Law §§ 193, 740 and 741;

B.      declaring that Defendants breached their common law contract with Plaintiff;

C.      enjoining Defendants from further discriminatory and retaliatory conduct;

D.      to make Plaintiff whole by providing her loss of pay and benefits;

E.      directing Defendants to pay Plaintiff compensatory damages for her emotional distress caused by Defendants' discriminatory conduct;

F.      directing Defendants to pay Plaintiff punitive damages and liquidated damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

G.      directing Defendants to pay for Plaintiff's reasonable attorneys' fees and legal expenses; and

H.      granting additional relief as this Court deems just and proper.

Dated: New York, New York
        October 7, 2022

                                        WILLIAM K LI LAW, PLLC
                                        */s/ William Li*
                                        _____
                                        William Li
                                        535 Fifth Avenue, 4th Floor
                                        New York, New York 10017
                                        T: (212) 380-8198
                                        wli@wlilaw.com
                                        *Counsel for Plaintiff*